# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 0 6 2009 ★

BROOKLYN OFFICE

JONATHAN TOBEY, on behalf of
himself and all similarly situated persons,

      Plaintiffs,

      v.

NATIONAL ACTION FINANCIAL
SERVICES, INC.

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

No.

**09        1917**

ROSS, J.

JURY DEMANDED

AZRACK, M.J.

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Jonathan Tobey files this Complaint against National Action Financial

Services, Inc. (NAFS) for violations of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692, *et seq.*

### *Preliminary Statement*

1.    Plaintiff brings this action on his own behalf and on behalf of all others

similarly situated for statutory damages arising from Defendants' violations of the

FDCPA, which prohibits debt collectors from engaging in abusive, deceptive, harassing,

unfair, and illegal practices.

### *Jurisdiction and Venue*

2.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and

28 U.S.C. § 1331.

3.    Defendant conducts business in this district and is subject to personal

jurisdiction in New York State and in this federal district.

4.       Venue is proper in this district under 28 U.S.C. § 1391(b) because all the Defendants reside in this district within the meaning of 28 U.S.C. § 1391(b) and (c) by being subject to personal jurisdiction in the district.

5.       Furthermore, there is a related action against Defendant pending in this district. *See Anderson v. National Action Financial Services, Inc.*, EDNY, cv-08-4065(ADS)(WDW).

### *Parties*

6.       Plaintiff Jonathan Tobey is a natural person.

7.       Plaintiff is a citizen of the Commonwealth of Virginia, who resides in Fairfax County, Virginia.

8.       Tobey is a "consumer," as that term is defined by FDCPA § 1692a(3).

9.       The alleged debt that Defendant sought to collect from Tobey was originally incurred for personal, family, or household purposes.

10.      Defendant NAFS is a foreign corporation with its principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221.

11.      NAFS' principal purpose is the collection of debts using the mails and telephone.

12.      NAFS regularly attempts to collect debts alleged to be due another using the mails and telephone.

13.      NAFS is a "debt collector," as that term is defined by FDCPA § 1692a(6).

### *Factual Allegations*

14.      In 1996 Plaintiff cosigned a car loan on a vehicle for his then-wife.

15.      Plaintiff and his wife divorced.

16.     Then, in 1997, Plaintiff's ex-wife surrendered the vehicle as a voluntary repossession without notice to the Plaintiff.

17.     Soon thereafter, Chrysler Financial conducted a foreclosure sale on the vehicle without giving the Plaintiff notice of the right to redeem or notice of the sale. Despite being precluded from claiming a deficiency balance, Chrysler Financial attempted to collect a debt from the Plaintiff.

18.     This alleged debt was time-barred no later than 2003, 5 years after the voluntary repossession.

19.     Notwithstanding that the debt was time-barred, and that there was no legitimate debt to collect, Defendant NAFS has attempted to collect this debt.

20.     On or about May 16, 2008, Defendant sent a dunning letter to Plaintiff.

21.     Although Defendant is precluded from taking further collection activity on an illegitimate and time barred debt, the letter threatens such activity if the account is not paid in full.

22.     On or about May 22, 2008, Defendant's employee left the following message on Plaintiff's answering machine:

> Hi, Jonathan Tobey.  I need a return phone call from either yourself, or your legal representation, as soon as you receive this message.  At 1-800-697-4921, ext.2911.  My name is Miles Christopher.  I'm calling from National Action Financial Services.  Again, that number is 1-800-697-4921, ext 2911.

23.     The May 22, 2008 telephone message ("5/22/08 message") did not state that the message was from a debt collector attempting to collect a debt.

3

24.     On May 27, 2008, Defendant's employee left the following message on
Plaintiff's answering machine:

> Hi Jon, this is Miles from National Action Financial Services.
> You need to return my call at 1-800-697-4921, ext 2911.

25.     The May 27, 2008 telephone message ("5/27/08 message") did not state
that the message was from a debt collector attempting to collect a debt.

26.     Upon information and belief, Defendant's employee used written scripted
language in leaving the 5/22/08 and 5/27/08 messages.  As such, it was part of
Defendant's normal business practices to leave the messages.

27.     Upon information and belief, Defendant leaves telephone messages using
language substantially similar or materially identical to the 5/22/08 and 5/27/08 messages
for thousands of consumers nationwide.

### *Claim for Relief*

28.     Plaintiff restates, realleges, and incorporates herein by reference all
foregoing paragraphs as if set forth fully in this Count.

29.     This Count is brought by Plaintiff, individually and on behalf of a class,
consisting of consumers nationwide who:

    a.  within one year before the filing of this action;

    b.  received telephone messages from Defendant; and

    c.  the message failed to disclose that the communication was from a debt
collector.

30.     Under Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

a.      Based on the fact that the telephone messages at the heart of this litigation are directed at thousands of consumers, the class is so numerous that joinder of all members is impractical.

b.      There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The principal question presented by this case is whether the telephone messages left by Defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §1692e and its subsections.

c.      The only individual issue is the identification of the consumers who received the telephone messages (i.e. the class members), a matter capable of ministerial determination from Defendant's records.

d.      Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories.

e.      Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

31.     A class action is superior for the fair and adequate adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. §1682k.  The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual members of the class would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

32.    If the facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33.    By leaving the 5/22/08 and 5/27/08 telephone messages, Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose that the communications were from a debt collector.  These are also false and deceptive acts under 15 U.S.C. §§ 1692e and e(10).

34.    Defendant's violations of 15 U.S.C. §1692, *et seq.*, render it liable to Plaintiff and the members of the class.

### *Demand for Jury Trial*

35.    Plaintiff demands a trial by Jury.

### *Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in his favor, and on behalf of the class, and that judgment be entered against Defendant for the following:

(a)    for statutory damages;

(b)    A declaration that Defendant's telephone messages violate the FDCPA;

(c)    For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of this claim;

(d)    For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

6

(e)     For any and all other relief this Court may deem appropriate.


Dated: New York, New York
       May 6, 2009


                                        Respectfully submitted,



                                   By: _____
                                        Brian L. Bromberg


Attorneys for Plaintiff:
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Thomas R. Breeden*
Thomas R. Breeden, P.C.
7900 Sudley Road, Suite 600
Manassas, VA 20109
(703) 361-9277


*NOTE – Virginia counsel will move for *pro hac vice* admission shortly after the case is
assigned to a judge, the complaint is served, and the Defendants appear.

7